UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 95-88-01 (GK) |
| Harold Cunningham, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

This matter is before the Court on Defendant Harold Cunningham's pro se Motion Requesting an Evidentiary Hearing pursuant to Federal Rules 8(c) and 6(a) of the Federal Rules governing Section 2255 proceedings. Upon consideration of Defendant's Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **denied**.

### I. BACKGROUND

On April 13, 1995, Defendant, together with co-defendants Percy Barron and Billy Richardson, were charged, pursuant to both federal and District of Columbia law, in a 68-count indictment, with a series of armed robberies, murders, assaults, and firearm possessions that were committed over a 139-day period in the summer of 1993. See United States v. Cunningham, 95cr88 (GK). The trial commenced on June 3, 1996 and concluded on July 30, 1996. On August 9, 1996, after several days of deliberations, the jury returned partial verdicts as to each defendant, and then resumed

deliberations. On August 15, 1996, the jury returned verdicts on several more counts, and the Court declared a mistrial on the remaining counts.

On February 5, 1997, Defendant was sentenced to (1) 15 years to life for armed robbery, armed second-degree burglary, armed assault with intent to murder, and armed assault with intent to commit robbery; (2) 5 to 15 years for possession of a firearm during a crime of violence; (3) 5 years for use of a firearm during a crime of violence and possession of a firearm with an obliterated serial number; (4) 20 years for use of a firearm during a crime of violence; (5) 30 years to life for armed first-degree murder; (6) 40 to 120 months for carrying a pistol without a license; and (7) 20 to 60 months for assaulting, resisting, and interfering with a police officer.[1]

On February 10, 1997, Defendant directly appealed his sentence arguing, inter alia, that the Court erred in permitting him to represent himself at trial. On June 19, 1998, the D.C. Circuit rejected all of Defendant's arguments except one which related to the merger of his felon-in-possession convictions. See United States v. Cunningham, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998).

On April 28, 1998, Defendant was charged, in a separate

---

[1] The sentences on counts 5, 6, 16, 21, 36, 52, 58, and 66 were ordered to run concurrently to each other and all other counts, and the remaining sentences were ordered to run consecutively to each other and all other counts.

criminal case before Judge Joyce H. Green, with (1) Obstruction of Justice by Retaliation Against a Witness, and (2) Assaulting, Resisting, and Impeding an Officer. See United States v. Cunningham, 98cr146 (JHG). Those charges related to an incident during Defendant's trial in the instant case in which Defendant stabbed one of the government's witnesses in front of the Court and the jury at the conclusion of that witness's testimony. On September 28, 1998, Judge Green ordered Defendant to undergo a psychiatric evaluation to determine his competency to stand trial. On January 11 and 12, 1999, a competency hearing was held and on January 12, 1999, Defendant was found competent to stand trial. On March 2, 1999, however, Judge Green granted the government's motion to dismiss the indictment in that case. Thus, a trial in 98cr146 was never held and Defendant was never convicted of any crime involving his attack against the government's witness during the trial before the Court in the instant case.

On April 5, 2000, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the instant case.[2] On October 9, 2002, the Court summarily denied

---

[2] Section 2255 reads in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

(continued...)

Defendant's 2255 motion on the ground that it raised the same issues that Defendant had raised on direct appeal. See United States v. Cunningham, 95cv88-01 (GK), Mem. Op., October 9, 2002.

On February 11, 2005, Defendant filed the instant Motion requesting that the Court provide him with the transcript of his competency hearing held on January 11-12, 1999 in 98cr146 and appoint him an attorney to help him "prepare, investigate and file appropriate motions before this Court." Def.'s Mot. at 2.

## II. ANALYSIS

### A. Defendant Is Not Entitled to the Transcript of His Competency Hearing in 98cr146

In the instant case, Defendant seeks the transcript of his competency hearing held on January 11-12, 1999 in 98cr146 to show that he was suffering from a mental disease or defect when he physically attacked a government witness at his trial in this case. It is apparent from Defendant's instant Motion that he intends to use this information to file a second or successive Section 2255 motion in this case, not in 98cr146.[3]

---

[2](...continued)
of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

[3] In his Reply, Defendant denies that he intends to file a second or successive Section 2255 Motion in the instant case.
(continued...)

-4-

A defendant is entitled to a transcript at public expense for a Section 2255 motion if the trial judge "certifies that the [motion] is not frivolous and the transcript is needed to decide the issue presented by the [motion]." 28 U.S.C. § 753(f). See United States v. Levi, 1996 WL 587677, *1 (D.C. Cir.) (holding that an indigent prisoner was not entitled to a transcript because he had failed to satisfy the requirements of § 753(f)) (citing United States v. MaCollom, 426 U.S. 317, 320-29 (1976)). As the government correctly points out, "the transcript in 98-146 would provide no basis to file another Section 2255 motion in this case, because any such motion would be precluded by the statute of limitations and successive motion provision contained in Section 2255." Gov't Opp'n at 5-6.

Accordingly, for the foregoing reasons, Defendant is not entitled to the transcript of his competency hearing in 98cr146.

---

[3](...continued)
Instead, he claims that he intends to use the transcript of his competency hearing in 98cr146 to show that he was denied "his fifth, sixth and fourteenth amendment due process right to proceed in his first 28 U.S.C. § 2255 habeas corpus proceeding." Def.'s Reply at 3. His claim is based on the alleged findings by Dr. Carol Kleinman and Dr. Michael Hendricks that "Defendant Cunningham is and was suffering from a mental disorder during his 1996 trial in which he lost control over his actions and stabbed his ex-fiancé in front of the jury." Id. (emphasis in original). Defendant's response shows that he does indeed intend to file a second challenge to his original convictions in the present case.

### B.      Defendant Is Not Entitled to Appointment of Counsel

In the instant case, Defendant seeks the appointment of counsel to help him "prepare, investigate and file appropriate motions before this Court."[4]  Def.'s Mot. at 2.

The Court may appoint counsel to an indigent defendant seeking relief under Section 2255 if the interests of justice so require. See 18 U.S.C. § 3006A(a)(2)(B).  As the government correctly points out, however, the interests of justice would not be served if Defendant were to be appointed counsel in order to assist him with filing a second or successive 2255 motion for three reasons.

First, any potential Section 2255 claims are barred by the statute of limitations.  Section 2255 is subject to a one-year statute of limitations.  See 28 U.S.C. § 2255.  The time period "run[s] from the latest of -- (1) the date on which the judgment of conviction becomes final...."  Id.  In the instant case, Defendant's conviction became final on or about November 24, 1998, which was 90 days after the date rehearing was denied. See Clay v. United States, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

---

[4] Although Defendant has not specified in the instant Motion what motions he intends to file, it is apparent to the Court that he intends to file a second or successive 2255 motion.

Second, before a defendant can file a second or successive Section 2255 motion, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This prior approval provision means that the court of appeals has initial jurisdiction over successive Section 2255 motions and the district court lacks such jurisdiction if the court of appeals has not authorized the filing of the successive motion. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).

In the instant case, on April 5, 2000, Defendant filed a prior Section 2255 motion. Thus, as the government correctly points out, "if defendant were to file a second motion to collaterally attack his sentence, this Court would lack jurisdiction to decide such a motion, and [] would either have to dismiss defendant's motion or transfer his motion to the Court of Appeals. Moreover, it is clear that the Court of Appeals would not authorize the filing of a successive Section 2255 motion given that defendant's claim does not involve either: 1) newly discovered evidence that would establish, by clear and convincing evidence, that defendant would not have been convicted; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Gov't Opp'n at 8 (citing 28 U.S.C. § 2255).

Third, while it is not clear exactly what claims Defendant intends to raise in a second or successive 2255 motion, it appears that he may attempt to raise claims concerning his criminal responsibility for the crimes charged in the instant case as well as his competency to stand trial. As to the latter, Defendant has already raised this claim on direct appeal, and it was summarily rejected by the Court of Appeals. See Cunningham, 145 F.3d at 1387. Defendant also raised this claim in his prior Section 2255 motion, and this Court rejected it on the ground that it had already been litigated and decided adversely to him by the Court of Appeals. As to the former, Defendant gives no reason why he failed to raise it in his prior Section 2255 motion. Thus, the potential Section 2255 claims Defendant may raise must be rejected.

### III. CONCLUSION

For all the reasons stated above, there is no justification for granting Defendant's Motion Requesting an Evidentiary Hearing pursuant to Federal Rules 8(c) and 6(a) of the Federal Rules governing Section 2255 proceedings because no subsequent Section 2255 motion can be filed. Consequently, Defendant's Motion must be **denied**.

An Order will issue with this Memorandum Opinion.

July 13, 2005
DATE

GLADYS KESSLER
United States District Judge