The United States District Court
For the District of Columbia

December 18, 2023

The Honorable Judge Paul L. Friedman
U.S. District Court For The District Of Columbia
333 Constitution Avenue N.W
Washington D.C. 20001

Subject: United States V. Harold Cunningham Jr. 95-CR-88 Status Update

Dear Judge Friedman,

Mr. Jerry Smith Esq. had informed me that he has identified two psychologist with relevant expertise and who would be willing to testify on behalf of defense. He also informed me that he is still working to get the additional funding approved by the court given that they had quoted more than $30,000 for their services. I suggested to him that by consolidating with Resentencing Relief under the Incareration Reduction Amendment Act ("IRAA"), he may be able to obtain additional funding for mental health pursuant to D.C. Code §§ 24-403.03(c)(7)-(8) and 11-2605 in addition to 18 U.S.C. § 3006A.

The Sentencing Reform Amendment Act of 2000 replaced the former indeterminate sentencing regime under which I was sentenced with determinate sentencing i.e. a definite term of imprisonment followed by a specified period of supervised release. See D.C. Code § 24-24-403.01 (2012 Repl.). The Court's failure unbundle and vacate the indeterminate sentences during resentencing would be prejudicial to me due to the combination of D.C. Code indeterminate and federal determinate sentences running consecutively in this case. Under the determinate sentencing scheme for D.C. Code offenses, a person is sentenced "for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole... at any time after having served the minimum sentence." D.C. Code § 24-403(a). See also Jones V. Fulwood, 860 F. Supp. 2d 16, 23 (D.D.C. 2012). The Sentencing Reform Act of 1984 abandoned indeterminate sentencing for federal offenses. Pub. L. No. 98-473, tit. II, 98 Stat. 1987. It also abolished parole for federal offenses. Id. § 218 (a)(5), 98 Stat. at 2027. The Sentencing Reform Amendment Act of 2000 also abolished parole for D.C. Code offenses. Williams V. United States, 205 A.3d 837, 847 N.49 (D.C. 2019). Since I was sentenced after Sentencing Reform Act of 1984 but before Sentencing Reform Amendment Act of 2000, I ended up with a combination of determinate and indeterminate sentences making parole almost impossible.

→ Cont.

1.

THE FACT THAT IRAA APPLIES TO DEFENDANTS SENTENCED UNDER EITHER SENTENCING REGIME FURTHER SUPPORTS PURSUING IRAA RELIEF CONCURRENT WITH PENDING RESENTENCING[1], IN THE INTERESTS OF JUDICIAL ECONOMY AND FINALITY OF SENTENCE. SEE D.C. CODE §24-403.03(a)(1)(A),(B). SEE ALSO WILLIAMS, 205 AT 847 N.49.

\* I'M CONCERNED WHETHER MR. SMITH HAS THE RESOURCES NEEDED TO TIMELY FILE A COMPLEX IRAA PETITION, HAVING READ THE COURT'S FIFTY-PAGE EXTENSIVE OPINION IN UNITED STATE V. WHITE, 2023 U.S. DIST. LEXIS 142049 (D.D.C. AUG. 4, 2023). THAT IS WHY I SUGGESTED THAT THE COURT APPOINT AN ADDITIONAL ATTORNEY TO PURSUE IRAA RELIEF. MOREOVER, AN ORGANIZATION LIKE THE FEDERAL PUBLIC DEFENDER'S OFFICE MAY HAVE ADDITIONAL RESOURCES AVAILABLE IN HOUSE SUCH AS EXPERTS AND INVESTIGATORS. IF MR. SMITH AVERS THAT HE WOULD BE ABLE TO FILE AN IRAA PETITION PRIOR TO THE PENDING RESENTENCING AND THE COURT IS WILLING TO AUTHORIZE THE REQUISITE FUNDING, I MAY NOT HAVE OBJECTION TO THE COURT APPOINTING HIM FOR MY IRAA PETITION ALSO.

THE STATUS HEARING SCHEDULED FOR DECEMBER 12, 2023, WAS VACATED. HENCE, I RESPECTFULLY REQUEST THE COURT TO RESCHEDULE THE STATUS HEARING AT ITS EARLIEST CONVENIENCE TO ADDRESS THE ABOVE MATTERS.

THANK YOU SINCERELY
Harold Cunningham

1901 'E' STREET S.E
WASHINGTON, DC 20003
DECEMBER 18, 2023
12-18-23

---

(FOOTNOTE)
1. IT IS ALSO RELEVANT TO NOTE THAT SUSPENDED AND SPLIT SENTENCING IS PERMISSIBLE FOR D.C CODE OFFENSES WHERE THE COURT CAN NOT ONLY REDUCE THE TOTAL SENTENCE BUT ALSO SUSPEND ANY PART OF IT FOR A TERM OF PROBATION. FOR INSTANCE, IN "WHITE" THIS COURT REDUCED WHITE'S SENTENCE TO "THIRTY-FIVE YEARS TO LIFE" BUT ALSO SUSPENDED ITS EXECUTION "AS TO ALL BUT TIME SERVED" FOR PLACEMENT ON "PROBATION FOR A PERIOD OF FIVE YEARS" 2023 U.S. DIST. LEXIS 142049 AT #65-66.

2.