UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 95-0088 (PLF) |
| ) | Civil Action No. 16-1291 (PLF) |
| HAROLD CUNNINGHAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

OPINION AND ORDER

Defendant Harold Cunningham has filed an omnibus supplemental motion

providing additional arguments in support of his five pending motions under 28 U.S.C. § 2255.

See Omnibus Supplement to Defendant's Motion Under 28 U.S.C. § 2255 ("Def. Mot")

[Dkt. No. 675].[1]  In June 2016, the D.C. Circuit granted Mr. Cunningham leave to file a second

or successive motion pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in

---

[1]  The documents considered by the Court in connection with the pending motions include: Judgment [Dkt. No. 265]; Notice of Appeal [Dkt. No. 263]; Motion Pursuant to 28 U.S.C. § 2255 ("Original Section 2255 Mot.") [Dkt. No. 373]; Memorandum Opinion dated October 9, 2002 ("Mem. Op.") [Dkt. No. 416]; D.C. Circuit Order dated June 23, 2016 ("D.C. Cir. Order") [Dkt. No. 524]; Emergency Motion for Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255 ("Section 924(c) Mot.") [Dkt. No. 524-1]; Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("First Pro Se Mot.") [Dkt. No. 530]; Defendant's Amended Motion of Actual Innocence and Denial of His Constitutional Right to Testify in His Own Defense ("Second Pro Se Mot.") [Dkt. No. 631]; Motion Requestion an Evidentiary Hearing Due To Conflict of Interest ("Third Pro Se Mot.") [Dkt. No. 634]; Order dated May 3, 2023 [Dkt. No. 645]; Defendant's Supplement to His 28 U.S.C. § 2255 Motion to Vacate Sentence ("Fourth Pro Se Mot.") [Dkt. No. 669-1]; Omnibus Supplement to Defendant's Motions Under 28 U.S.C. § 2255 ("Def. Mot.") [Dkt. No. 675]; United States' Opposition to Defendant's Omnibus Supplement to Defendant's Motions Under 28 U.S.C. § 2255 ("Gov't Opp.") [Dkt. No. 680]; Reply to United States' Opposition to Defendant's Omnibus Supplement to Defendant's Motions Under 28 U.S.C. § 2255 ("Reply") [Dkt. No. 690]; and United States' Supplement to its Opposition to Defendant's Omnibus Supplement to Defendant's Motions Under 28 U.S.C. § 2255 [Dkt. No. 691].

Johnson v. United States ("Johnson"), 576 U.S. 591 (2015).  See D.C. Cir. Order.  In the nine years that followed, Mr. Cunningham, proceeding pro se, filed four additional motions under Section 2255.  On May 3, 2023, the Court appointed Jerry Ray Smith, Jr., to represent Mr. Cunningham.  See Order dated May 3, 2023.  In the supplemental motion filed by Mr. Smith, Mr. Cunningham argues, among other things, that this Court may entertain his four pro se motions because they are properly construed as timely amendments to his authorized Section 924(c) Motion.  The Court agrees and therefore will consider the claims raised in those motions.[2]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court will not recount the lengthy background of this case in its entirety.  For purposes of this Opinion, it is sufficient to note the following.  In 1993, Mr. Cunningham, along with two codefendants, committed a series of armed robberies, assaults, and murders.  See United States v. Cunningham ("Cunningham"), 145 F.3d 1385, 1388 (D.C. Cir. 1998).  On April 13, 1995, Mr. Cunningham and his codefendants were charged in a sixty-eight-count indictment under both federal and District of Columbia law.  See id.  From the time of his arraignment until April 1996, Mr. Cunningham was represented by an attorney from the Federal Public Defender's Office ("FPD").  See id. at 1389.  But Mr. Cunningham became dissatisfied with that attorney and, in an effort to accommodate him, FPD replaced Mr. Cunningham's original attorney with a different attorney from FPD.  See id.  Shortly before trial was to begin, Mr. Cunningham expressed concern that his new FPD attorney "would simply be picking up from where [the predecessor] had left off," and he told the Court that he did not want anyone

---

[2]     The Court expresses its appreciation to Mr. Smith for his outstanding work in representing Mr. Cunningham.

from FPD representing him.  Id.  Judge Gladys Kessler denied Mr. Cunningham's request for a change of counsel.  See id.[3]  Mr. Cunningham then stated that he would rather represent himself than continue with FPD.  See id.  After numerous colloquies with Mr. Cunningham, Judge Kessler permitted Mr. Cunningham to represent himself and appointed the FPD attorney as stand-by counsel.  See id.

The trial was lengthy.  Trial commenced on June 3, 1996, and concluded on July 30, 1996.  See Cunningham, 145 F.3d at 1389.  Following several days of deliberations, the jury returned verdicts of guilty against Mr. Cunningham on a majority of the counts before it.  See Judgment.  On February 7, 1997, Judge Kessler sentenced Mr. Cunningham to an aggregate term of 465 years to life, followed by three years of supervised release.  See id.  Mr. Cunningham timely appealed.  See Notice of Appeal.  On June 19, 1998, the D.C. Circuit affirmed Mr. Cunningham's convictions but concluded that various of his convictions "should have been merged for sentencing purposes."  Cunningham, 145 F.3d at 1399.  The court "remand[ed] to the sentencing court for resentencing consistent with [its] opinion."  Id.  That resentencing has not yet occurred.

On April 5, 2000, Mr. Cunningham filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Original Section 2255 Mot.  Judge Kessler denied that motion on October 9, 2002.  See Mem. Op.  Judge Kessler then denied a certificate of appealability on January 15, 2003, see Min. Order Jan. 15, 2003, and the D.C. Circuit dismissed the case, see Per Curiam Order, United States v. Cunningham, No. 02-3111 (D.C. Cir. May 28, 2003).

---

[3]     Judge Kessler was responsible for this case until she retired from the Court.  The case was randomly reassigned to the undersigned on June 29, 2017.

3

On June 23, 2016, the D.C. Circuit granted Mr. Cunningham leave to file a second or successive motion pursuant to 28 U.S.C.§ 2255 in light of the Supreme Court's decision in Johnson.  See D.C. Cir. Order; see also Section 924(c) Mot.  In the nine years that followed, Mr. Cunningham, proceeding pro se, filed four additional motions pursuant to Section 2255: the first on October 5, 2017; the second on February 1, 2023; the third on February 17, 2023; and the fourth on January 9, 2025.  On June 13, 2025, Mr. Cunningham, through counsel, filed an omnibus supplement raising arguments in support of his five pending motions.  See Def. Mot.  The government filed an opposition on September 12, 2025, arguing, among other things, that this Court cannot entertain Mr. Cunningham's pro se motions because they are unauthorized second or successive motions under 28 U.S.C. § 2255(h) and are time-barred under 28 U.S.C. § 2255(f).  See Gov't Opp.  Mr. Cunningham filed a reply on March 2, 2026.  See Reply.  The Court heard oral arguments on March 23, 2026.

## II. LEGAL STANDARDS

An individual sentenced in federal court may move to vacate, set aside, or correct a sentence if he believes that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  The movant "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence."  United States v. Clark, 382 F. Supp. 3d 1, 27 (D.D.C. 2019) (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)).  If the Court determines that a sentence has been imposed unlawfully, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

The ability of an incarcerated person to bring a motion under Section 2255 is subject to a strict one-year time limitation. See 28 U.S.C. § 2255(f). As relevant here, that limitation is triggered by "the latest of . . . the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.; see United States v. Farley, Criminal No. 08-0118 (PLF), 2018 WL 4804691, at *5-6 (D.D.C. Oct. 4, 2018). In addition, an incarcerated person may file a "second or successive motion" under Section 2255 only if authorized "by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).

## III. DISCUSSION

Because Mr. Cunningham previously filed and had adjudicated a motion under Section 2255, he is required by statute to obtain leave from the D.C. Circuit to file a second or successive motion. See 28 U.S.C. § 2255(h). The parties agree that the D.C. Circuit has authorized only one of Mr. Cunningham's pending motions under Section 2255: his Section 924(c) Motion. See Def. Mot. at 70; Gov't Opp. at 16-19. Mr. Cunningham argues that the Court nonetheless may consider the claims raised in his four pro se motions because those motions are properly construed as amendments to his authorized Section 924(c) Motion. See Def. Mot. at 70; Reply at 4-12.

"[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002); see United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (holding that a Section 2255 motion "may be amended under the terms set by Rule 15(a)" of the Federal Rules

5

of Civil Procedure).  Though the D.C. Circuit has not opined on whether that general rule applies to pending second or successive Section 2255 motions, at least two circuits have held in the affirmative.  See Reyes v. United States, 998 F.3d 753, 761 (7th Cir. 2021) (concluding based on the text and context of Section 2255 that "only . . . successive applications, and not amendments or even necessarily individual claims, [must] be screened by an appellate panel"); United States v. MacDonald, 641 F.3d 596, 615-17 (4th Cir. 2011) (remanding with instructions to consider claim not raised in successive application but added pursuant to Rule 15).  But see United States v. Ragland, 168 F.4th 1345, 1352-53 (11th Cir. 2026) ("To the extent our sister courts permit movants to add new claims that have not been screened, and which exceed the bounds of the leave granted by the court of appeals, we respectfully disagree.").  The Court finds the reasoning of the Fourth and Seventh Circuits persuasive and consistent with the D.C. Circuit's holding that "the 'permissive approach' evinced by Rule 15(a) to the amendment of pleadings applies with equal force to § 2255 motions."  United States v. Hicks, 283 F.3d at 386 (quoting United States v. Thomas, 221 F.3d 430, 435 (3d Cir. 2000)); see 6 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1471 (3d ed. 2010) (observing that the purpose of Rule 15(a) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

The government agrees that under Rule 15(a), "[p]rior to the expiration of the limitation period" outlined in 28 U.S.C. § 2255(f), "a defendant can freely amend or supplement" a timely Section 2255 motion.  Gov't Opp. at 18.  Once the one-year limitations period has run, however, a defendant may amend a timely motion only if the claim raised in the subsequent motion "relates back" to a timely claim.  See Fed. R. Civ. P. 15(c); United States v. Hicks, 283 F.3d at 388.  "An amended habeas petition . . . does not relate back (and thereby escape

[Section 2255's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005); see United States v. Benbow, Criminal No. 10-0051 (PLF), 2021 WL 3268384, at *9 (D.D.C. July 30, 2021).

Mr. Cunningham does not dispute that the claims raised in his pro se motions do not relate back to his claim under Section 924(c). See Def. Mot. at 72; Reply at 12. He argues instead that those claims need not relate back to his Section 924(c) claim because the one-year limitations period set forth in Section 2255(f) has not yet expired. See Reply at 12; cf. United States v. Hicks, 283 F.3d at 383 (holding that a habeas petition that did not "relate back" to the original petition "was untimely unless it independently satisfied [28 U.S.C. § 2255's] one-year limitations period"). That is so, says Mr. Cunningham, because he has not yet been resentenced following the court of appeals' remand in his direct appeal, meaning that the "judgment of conviction" has not yet "become[] final." Reply at 5; see 28 U.S.C. § 2255(f). For its part, the government contends that Mr. Cunningham's convictions became final on January 25, 1999, when the Supreme Court denied his petition for a writ of certiorari. See Gov't Opp. at 11-12 (citing Clay v. United States, 537 U.S. 522, 527 (2003)).

The question before the Court, then, is whether Mr. Cunningham's judgment of conviction has in fact become final. If the judgment became final in 1999, then Mr. Cunningham cannot amend his Section 924(c) Motion with claims that do not relate back to that motion because those claims would not be timely under 28 U.S.C. § 2255(f). If, however, Mr. Cunningham's convictions are not yet final because this Court has not yet resentenced him following the remand from his direct appeal, then Section 2255(f)'s one-year statute of limitations would not yet have run, and Rule 15(c)'s relation-back standard would be inapposite.

The Second Circuit helpfully has summarized the law governing the effect of a remand after a direct appeal on the finality of the judgment for purposes of a collateral attack:

> Where a conviction is vacated and the cause is remanded for substantive proceedings, the new judgment is subject to renewed collateral attack under [Section 2255]. In contrast, where a trial court has only the ministerial task of entering a new judgment, the original judgment is the relevant judgment for habeas purposes.

Gonzalez v. United States, 792 F.3d 232, 236 (2d Cir. 2015); see also Woodfolk v. Maynard, 857 F.3d 531, 542 (4th Cir. 2017) ("[W]here the court remands for a resentencing hearing, which 'clearly may supply a defendant with the basis for a nonfrivolous appeal,' the limitations period does not begin to run until the final judgment is entered following that resentencing." (quoting United States v. Dodson, 291 F.3d 268, 275-76 (4th Cir. 2002))); United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir.) ("In cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court, the judgment does not become final, and the § 2255 statute of limitations does not begin to run, until the district court has entered an amended judgment . . . ." (citation modified)), amended by, No. 03-35853, 2005 WL 3312694 (9th Cir. Dec. 8, 2005).

The Court therefore must determine whether the D.C. Circuit's remand in Mr. Cunningham's direct appeal was for "substantive proceedings" or for "the ministerial task of entering a new judgment." Gonzalez v. United States, 792 F.3d at 236. "A 'ministerial' duty is one that 'involves obedience to instructions or laws instead of discretion, judgment, or skill.'" Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006) (quoting Black's Law Dictionary 1017 (8th ed. 2004)). Consistent with that definition, courts have distinguished between cases where "remand was strictly ministerial in that it required a routine, nondiscretionary act by the district court that could not have been appealed on any valid ground" and cases where the court of appeals' "mandate left the district court the authority on remand to entertain the new arguments

8

[the defendant] advanced." Id. at 161; see also United States v. Dodson, 291 F.3d at 275 (considering whether the defendant would have grounds for a "further, nonfrivolous direct appeal"). For example, the Second Circuit has held that a remand to calculate restitution was a substantive proceeding, whereas a remand to enter an amended judgment based on the vacatur of a single conviction was not. Compare Gonzalez v. United States, 792 F.3d at 236, with Burrell v. United States, 467 F.3d at 166.

The D.C. Circuit has not weighed in on the precise issue of determining whether a remand is substantive or ministerial for Section 2255 purposes. Still, Mr. Cunningham contends that the decision of our court of appeals in United States v. Blackson ("Blackson"), 709 F.3d 36 (D.C. Cir. 2013), is instructive. See Reply at 5-8. In that case, the court reaffirmed that where it "vacates one count of a multi-count conviction" but its remand order "contains no express instructions regarding which issues the district court may consider," the district court at resentencing may entertain "three categories of inquiry": (1) whether the vacated count "affected the overall sentence," (2) any new arguments or facts made newly relevant by the court of appeals' decision, and (3) any "facts that did not exist at the time of the original sentencing." Blackson, 709 F.3d at 40. In assessing whether the district court had properly understood the scope of its authority to reconsider its sentencing decision, the D.C. Circuit emphasized the significance of its remand "for resentencing." Id. at 42-44. The court explained that if it "had not expected the district court on remand to consider whether and how [the vacated count] affected the original sentence, there would have been no need to remand for resentencing at all," and it instead "could simply have directed the [district] court to vacate the count without touching the sentence." Id. at 42. Subsequently, in United States v. Miller, the D.C. Circuit further clarified that on "remand for resentencing," a district court may consider the categories

9

outlined in <u>Blackson</u> unless the appellate decision "<u>expressly</u> direct[s] the district court not to consider" them.  <u>United States v. Miller</u>, 35 F.4th 807, 813, 815 (D.C. Cir. 2022).

In this case, although the court of appeals did not vacate any of Mr. Cunningham's convictions on direct appeal, it explicitly "remand[ed] to the sentencing court for resentencing consistent with [its] opinion."  <u>Cunningham</u>, 145 F.3d at 329.  Had the court of appeals not expected this Court to consider, in its discretion, how merger as discussed by the court of appeals affected Mr. Cunningham's original sentence and any newly relevant arguments or facts, there would have been no reason for the court to remand <u>for</u> <u>resentencing</u>.  <u>See</u> <u>Blackson</u>, 709 F.3d at 42.  Moreover, the court of appeals' mandate did "not 'expressly' forbid" this Court "from considering new arguments."  <u>United States v. Miller</u>, 35 F.4th at 815 (quoting <u>United States v. Whren</u>, 11 F.3d 956, 960 (D.C. Cir. 1997)).  This Court therefore has the "authority on remand to entertain the new arguments" that Mr. Cunningham might advance.  <u>Burrell v. United States</u>, 467 F.3d at 161.  Because the Court has not yet used that authority in resentencing Mr. Cunningham, his judgment of conviction is not yet final.  <u>See</u> <u>Woodfolk v. Maynard</u>, 857 F.3d at 542-43; <u>see</u> <u>also</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007) (explaining that the postconviction relief "limitations period did not begin until both [the defendant's] conviction <u>and</u> sentence 'became final'" (quoting 28 U.S.C. § 2244(d)(1))).[4]

The Court must pause here to acknowledge the oddities presented in this case. Mr. Cunningham has not yet been resentenced only because both parties have agreed that such resentencing should be postponed until Mr. Cunningham's pending Section 2255 motions are

---

[4]      At least one other judge in this district has reached the same conclusion in a materially similar posture.  <u>See</u> <u>United States v. Ashton</u>, 961 F. Supp. 2d 7, 10, 12 (D.D.C. 2013) (holding that the defendant's case was "not yet final" where "[t]he D.C. Circuit affirmed all of [the] defendant's convictions but remanded the case to the district court for resentencing on a merger of convictions issue," and the defendant "was still awaiting resentencing").

resolved.  In other words, Mr. Cunningham's pro se motions are timely solely because of a mutually agreed-upon delay in the finality of his judgment of conviction.  Also unusual is the fact that the limitations clock had not yet begun to run when the Court considered and denied Mr. Cunningham's Original Section 2255 Motion.  But those peculiarities do not compel a conclusion that the Court lacks jurisdiction over Mr. Cunningham's pro se motions.  Regardless of the reason for the lack of finality, the Court must conclude that Mr. Cunningham's judgment of conviction is not yet final.  His pro se motions therefore are not time-barred.  See 28 U.S.C. § 2255(f).[5]

Exercising its discretion under Rule 15(a), the Court will treat Mr. Cunningham's pro se motions as timely amendments to his Section 924(c) Motion.  See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe pro se filings liberally.").  The Court cautions, however, that this is not an invitation for Mr. Cunningham to file additional or frivolous Section 2255 motions styled as amendments.  In such an event, the Court will use its "discretion under Rule 15 to prevent abusive or needlessly time-consuming tactics."  Reyes v. United States, 998 F.3d at 761.

---

[5]     Neither party squarely addresses the related issue of whether Mr. Cunningham's Section 2255 motions are in fact premature.  The Court notes that the Second Circuit has held that the fact that the "limitations period does not start until after the completion of substantive proceedings on remand does not preclude a movant from filing a § 2255 motion before a final . . . order is entered."  Gonzalez v. United States, 792 F.3d at 238.  The court explained that "the rule against considering a § 2255 motion while a direct appeal is pending (an analogous situation) is not a jurisdictional bar."  Id.; see Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam) ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.").  In any event, the D.C. Circuit apparently did not understand Mr. Cunningham's Section 924(c) Motion to be premature when it granted him leave to file that motion.  See D.C. Cir. Order.

## IV. CONCLUSION

For the foregoing reasons, the Court will construe Mr. Cunningham's four pro se motions [Dkt. Nos. 530, 631, 634, 669-1] as timely amendments to his authorized Section 924(c) Motion [Dkt. No. 524-1]. The Court will defer judgment on the merits of the claims raised in the authorized motion as amended, including the government's arguments that those claims are procedurally barred, pending a decision by the D.C. Circuit in United States v. Onyewu, No. 22-3063, which the parties agree likely will be dispositive of Mr. Cunningham's claim related to Section 924(c). That case was argued before the court of appeals on March 26, 2026. See Courtroom Mins. of Oral Arg., United States v. Onyewu, No. 22-3063 (D.C. Cir. Mar. 26, 2026). It is hereby

ORDERED that the parties shall file a joint report proposing next steps within fourteen days of the issuance of a decision in United States v. Onyewu, No. 22-3063 (D.C. Cir.).

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 4/16/26